IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Criminal No. 7:16-cr-00057 |
| v. | ) | |
| | ) | |
| CHRISTOPHER ALLEN HAYTH, | ) | By:    Michael F. Urbanski |
| Defendant. | ) | Chief United States District Judge |

<u>MEMORANDUM OPINION</u>

This matter comes before the court on defendant Christopher Allen Hayth's <u>pro se</u> motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), ECF No. 236. The Federal Public Defender has supplemented Hayth's <u>pro se</u> request. ECF No. 247. The government opposes it. ECF No. 256. Because Hayth has not demonstrated extraordinary and compelling circumstances to justify his release, the court will **DENY** his motion.

I.

On May 30, 2017, Hayth entered into a written plea agreement in which he pleaded guilty to (1) conspiring to possess with the intent to distribute 5 grams or more of methamphetamine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B), (2) knowingly and unlawfully carrying an explosive during the commission of a felony in violation of 18 U.S.C. § 844(h), and (3) being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). ECF No. 121. On April 10, 2018, this court sentenced Hayth to 90 months of incarceration for his crimes. ECF No. 187. Hayth has been in continuous custody since June 23, 2016, and has served over half of his sentence. See ECF No. 240 at 3.

Hayth seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A). Unlike most compassionate release motions filed with this court in the past year, Hayth does not argue that

he suffers from any medical condition which puts him at risk of severe illness should he contract COVID-19. Instead, he argues that violence—actual and threatened—against him by other inmates and the lack of drug treatment programming due to pandemic-related restrictions constitute "extraordinary and compelling" reasons warranting a sentence reduction. ECF No. 247 at 1. Hayth asks this court to reduce his sentence to a term in an in-patient, long-term drug rehabilitation center. ECF No. 236 at 2; see also ECF No. 247 at 7. The government opposes any sentence reduction for Hayth. ECF No. 256. This matter is fully briefed and ripe for disposition.[1]

**II**.

The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act ("FSA"), authorizes courts to modify terms of imprisonment as follows:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

---

[1] The court dispenses with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

Accordingly, Hayth's requested relief requires the court to consider (1) if he exhausted his administrative remedies; (2) if so, whether there are extraordinary and compelling reasons that warrant a reduction in his sentence; and (3) if so, what, if any, sentence reduction is appropriate after considering the applicable 18 U.S.C. § 3553(a) factors and whether Hayth is a danger to the safety of the community.

i.        Hayth has fully exhausted his administrative remedies.

The provision allowing defendants, in addition to the Bureau of Prisons (BOP), to bring motions under § 3582(c) was added by the FSA to "increas[e] the use and transparency of compassionate release." Pub. L. No. 115-391, 132 Stat. 5239 (2018). Before bringing a motion before the district court, a petitioner must first exhaust his administrative remedies. See 18 U.S.C. § 3582(c)(1)(A). A petitioner must satisfy one of two conditions, whichever is earlier: (i) "the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf" or (ii) "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility[.]" Id. The first condition requires that the defendant fully exhaust all administrative rights. This means that it is not enough for the warden to respond within 30 days by denying the request for compassionate release. If the warden denies the request within 30 days, the petitioner must then exhaust all administrative appeals available through the BOP. The second condition can only be met after the lapse of 30 days from when the warden received the petitioner's request and has not responded.

Here, the court has not received any evidence of exhaustion, but the Federal Public Defender says that Hayth submitted a compassionate release request with the warden at his

current institution, FCI Sheridan, on June 17, 2020. ECF No. 247 at 6. On August 14, 2020,

the government reported that Hayth did not receive a reply within 30 days and, therefore, did

not contest that Hayth had satisfied the statute's exhaustion requirement. ECF No. 256 at 7.

Accordingly, the court finds that Hayth exhausted his administrative remedies.

    ii.    <u>Hayth does not present extraordinary and compelling circumstances to warrant a sentence reduction.</u>

The court must next consider if it should "reduce the term of imprisonment." 18 U.S.C.

§ 3582(c)(1)(A). The U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.13 application

notes state that "extraordinary and compelling reasons" exist where (A) the defendant is

suffering from a terminal or serious medical condition; (B) the defendant is over 65 years old,

has failing health, and has served at least ten years or 75 percent of his sentence, whichever is

less; (C) the caregiver of the defendant's minor child dies or becomes incapacitated, or the

defendant's spouse or partner becomes incapacitated and the defendant is the only available

caregiver; or (D) as determined by the Director of the BOP, for "other reasons" than, or in

combination with, those described in Application Notes (A)-(C). <u>Id.</u> at cmt. n. 1(A)-(D).

The court finds that Hayth has not presented "extraordinary and compelling reasons"

to reduce his sentence under any Application Note. In his motion, Hayth argues that he should

be released to an in-house rehabilitation program for 12 to 27 months because he is currently

unable to get the drug treatment he needs due to COVID-related restrictions in his facility and

because he has been the victim of violence in prison. ECF No. 247 at 1. He concedes that his

request is not related to any health condition of his own or any family member, ruling out

relief under Application Notes (A)-(C). <u>See id.</u> at 2. Therefore, the court considers his request

under Application Note D, also known as the "catch-all" provision. Because the BOP has not

issued an applicable policy statement since the FSA became law, the court has discretion to determine what may constitute an "extraordinary and compelling" reason under the "catch-all" provision. United States v. McCoy, 981 F.3d 271, 281 (4th Cir. 2020).

Here, Hayth argues that he should be released because he is unable to access drug treatment due to COVID-related programming restrictions and because he has been brutally beaten while in prison. The court finds his representations incomplete and far from extraordinary or compelling. First, Hayth has been offered drug treatment at FCI Sheridan since he filed his first motion and surprisingly declined to participate. ECF No. 256 at 14 (citing ECF Nos. 256-6 and 256-7). Even if those programs were suspended again and Hayth wanted to participate, an inability to access drug treatment is an unfortunate but necessary measure to protect all prisoners during the pandemic. It does not rise to the level of "extraordinary and compelling," warranting a sentence reduction.

Second, the BOP seems to have already responded to the assault against Hayth—which, the government asserts, was brought on in part by his own thefts from his fellow inmates—by transferring him from FCI Lompoc to FCI Sheridan. ECF No. 256 at 19. Hayth's medical records also do not indicate that he was ever severely injured in the way he describes. ECF No. 256 at 20–21, 21 n. 12. On September 1, 2020, the court granted the Federal Public Defender's motion to temporarily suspend briefing so that it could obtain further information for its reply to the government's opposition. ECF No. 263. On October 30, 2020, the Federal Public Defender notified the court that it would not be filing any additional briefing on Hayth's behalf. ECF No. 267. The court has read Hayth's numerous letters to the court regarding his fear of assault at FCI Sheridan, but has not seen any evidence that Hayth has been assaulted

at FCI Sheridan or that any threats against him will be realized. The court shares Hayth's concerns about his safety, but releasing a person from a term of incarceration is an extraordinary remedy and an inappropriate one in these circumstances.

Because the court finds that Hayth has not demonstrated "extraordinary and compelling" reasons to warrant a sentence reduction under § 3582(c)(1)(A), the court must deny his motion.[2]

### III.

For these reasons, the court will **DENY** Hayth's motions for compassionate release, ECF Nos. 236, 247. The clerk is directed to send a copy of this memorandum opinion and accompanying order to the petitioner, his counsel of record, and the United States. An appropriate order will be entered.

It is so **ORDERED**.

Entered:   December 31, 2020

Michael F. Urbanski
Chief U.S. District Judge
2020.12.31 15:34:27 -05'00'

Michael F. Urbanski
Chief United States District Judge

---

[2] Because the court finds that Hayth has not presented extraordinary and compelling reasons to warrant a reduction in his sentence, it need not determine if the § 3553(a) factors weigh in favor of his release.