# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal Case No. 7:16cr00057-3 |
| ) | |
| v. ) | |
| ) | By: Michael F. Urbanski |
| CHRISTOPHER A. HAYTH, ) | Chief United States District Judge |
| Defendant/Petitioner. ) | |

## MEMORANDUM OPINION

Christopher A. Hayth, a federal inmate proceeding pro se, filed a motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255, challenging the April 2018 criminal judgment imposed by this court.[1] Having reviewed the record, the court concludes that Hayth's motion is barred by the statute of limitations and that Hayth has not alleged facts sufficient to entitle him to equitable tolling. Therefore, the court will dismiss the motion as untimely.

I.

In 2018, Hayth pled guilty to three counts of the indictment against him: conspiracy to distribute a controlled substance, carrying explosives during the commission of a felony, and possessing a firearm as a felon. The government dismissed the remaining counts in which Hayth was named. He was sentenced to a total term of imprisonment of 90 months and a total term of supervised release of 4 years. Hayth did not appeal.

On November 18, 2020, the Clerk received from Hayth an unsigned and undated

---

[1] Hayth also has two motions pending before the court seeking compassionate release under the First Step Act. ECF Nos. 236, 247. Those will be addressed separately.

motion he titled as a § 2255 motion. ECF No. 270. The envelope in which it arrived is postmarked November 13, 2020, id., and the court deems it filed on the earlier date.[2] The motion was conditionally filed, and Hayth was directed to return a signed § 2255 motion that clearly set forth his grounds for relief. The same order advised that the motion appeared to be untimely, and directed Hayth to file any additional information or argument as to why his motion should be deemed timely.

Hayth has since submitted a signed, amended motion § 2255 motion. ECF No. 275. In it, he claims that he was innocent of possessing the firearms attributed to him, that he told his lawyer he did not want to plead guilty to that offense, and that his attorney said he had to plead guilty. He further alleges that an ATF agent named Nick asked Hayth—either on the date of his guilty plea or at some point afterward—why he had pled guilty to possessing guns that were not his. Hayth explains that he did not appeal because he was worried that he would get a longer sentence.[3] He also asserts that his attorney told him that an appeal could invalidate his plea agreement.[4]

With regard to the timeliness of his motion, Hayth claims that he did not know about

---

[2] Hayth is entitled to the benefit of the rule in Houston v. Lack, 487 U.S. 266, 276 (1988), which treats a motion by a prisoner as filed on the date it is deposited into his institution's mail. But even if his original motion were deemed filed a month prior to the postmarked date, it still would be untimely.

[3] Hayth's plea agreement contained a waiver of his right to appeal, with limited exceptions, and a waiver of his right to file post-conviction collateral motions, except for ineffective assistance of counsel claims. ECF No. 121 at 7–8.

[4] In light of its conclusion that Hayth's motion is untimely, the court does not reach the merits of Hayth's claim that he was forced to plead guilty by his counsel or that his counsel was ineffective for advising him to plead guilty. The court notes, though, that information in the PSR confirms that there was substantial evidence—including a confession from Hayth after he received Miranda warnings—indicating that he possessed the firearms at issue. Moreover, statements made by a defendant under oath at his plea hearing carry a "strong presumption of verity" and "constitute a formidable barrier in any subsequent collateral proceedings." Christian v. Ballard, 792 F.3d 427, 444 (4th Cir.), cert. denied, 136 S. Ct. 342 (2015) (citing and quoting Blackledge v. Allison, 431 U.S. 63, 74 (1977)). Hayth may not succeed by simply alleging that he would have insisted on going to trial absent the alleged ineffectiveness; he also must convince the court that rejecting the plea bargain would have been rational under the circumstances. Id. at 452–53.

§ 2255 motions and, if he had, he would have filed one "years ago." ECF No. 275 at 9. In further support of why his motion should be deemed timely, he claims that he knows nothing "about motions or appeals," is dyslexic, is "not the smartest," and received special education services in school. Id. He explains that he received help from another inmate in filing his motion, and that he has "someone writing and reading" it for him. Id. at 11.

## II.

A motion under 28 U.S.C. § 2255 must be brought within one year from the latest of the following: (1) the date on which the sentence under attack became final, (2) the removal of some governmental impediment to filing the motion, (3) the date on which the legal predicate for the motion was initially recognized by the United States Supreme Court, or (4) the date on which the factual predicate for the motion could have been discovered through the exercise of due diligence. See 28 U.S.C. § 2255(f). For purposes of the one-year limitations period under § 2255(f)(1), the defendant's conviction becomes final when the last appeal is decided or the time to file such an appeal expires. United States v. Johnson, 203 F.3d 823, 2000 WL 37753, at *1 (4th Cir. 2000) (unpublished table decision); cf. Clay v. United States, 537 U.S. 522, 528 (2003) (holding that where a petition for certiorari is not filed after a court of appeals decision, the conviction is final when the time for filing the petition expires).

Judgment was entered against Hayth on April 10, 2018. His conviction became final on April 24, 2018, when his time to file an appeal expired and he failed to appeal. Thus, he had until April 24, 2019, to file a timely § 2255 motion. However, Hayth did not file his § 2255 motion until approximately eighteen months after the statute of limitations expired.

Therefore, Hayth's § 2255 motion is untimely under § 2255(f)(1).

Hayth does not present any grounds to show that his motion should be deemed timely under any of the other subdivisions of § 2255(f). Instead, Hayth's arguments as to timeliness seem to request equitable tolling. A district court may apply equitable tolling only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Whiteside v. United States, 755 F.3d 180, 184 (4th Cir. 2014) (en banc) (citations omitted). A petitioner seeking equitable tolling must demonstrate that (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance beyond his control stood in his way and prevented timely filing. Holland v. Florida, 560 U.S. 631, 649 (2010) (citation omitted). The petitioner "bears a strong burden to show specific facts" which demonstrate that he fulfills both elements of the test. Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008) (quoting Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008)).

Hayth argues that the court should toll the statute of limitations because he did not know he could file a § 2255 motion and because he is "not the smartest" and has dyslexia.[5] These circumstances are not so extraordinary as to warrant equitable tolling. As the Fourth Circuit has explained, "even in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling." See United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004). In Sosa, the court rejected the petitioner's request for equitable tolling, noting that his "misconception about the operation of the statute of limitations is neither extraordinary

---

[5] Hayth's Presentence Investigation Report does not reference his having dyslexia, but it confirms that he had an individualized education plan while in public school and was identified as "learning disabled." Presentence Investigation Report ("PSR") ¶ 163, ECF No. 198.

nor a circumstance external to his control." Id. Hayth's ignorance about the law, therefore, does not entitle him to equitable tolling.

Hayth's argument that his learning disabilities entitle him to equitable tolling also fails. As the Fourth Circuit has explained, "equitable tolling as a result of a petitioner's mental condition" is only appropriate "in cases of profound mental incapacity." Sosa, 364 F.3d at 512. In so reasoning, Sosa cited to a Ninth Circuit case that referenced circumstances such as "institutionalization or adjudged mental incompetence." Id. (citing Grant v. McDonnell Douglas Corp., 163 F.3d 1136, 1138 (9th Cir. 1998)). Moreover, Hayth did not allege any facts showing how his learning difficulties prevented him from timely filing his petition. See House v. Clarke, No. 3:16CV238, 2017 WL 990580, at *4 (E.D. Va. Mar. 14, 2017) (rejecting equitable tolling where habeas petitioner failed to "allege any facts showing" how his mental condition prevented him from timely filing and collecting authority holding same).

Because Hayth has not demonstrated any ground for equitable tolling of the statute of limitations, the court will dismiss Hayth's § 2255 motion as untimely filed.

An appropriate order will be entered.

It is so **ORDERED**.

Entered: January 4, 2021

Michael F. Urbanski
Chief U.S. District Judge
2021.01.04 13:13:44
-05'00'

Michael F. Urbanski
Chief United States District Judge