IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Case No. 7:16-cr-00057 |
| | ) | Related Case No. 7:22-cv-81513 |
| v. | ) | |
| | ) | |
| CHRISTOPHER ALLEN HAYTH, | ) | By: Michael F. Urbanski |
| Defendant/Petitioner. | ) | Chief United States District Judge |

## MEMORANDUM OPINION

Christopher Allen Hayth, a federal inmate proceeding pro se, has filed pleadings asserting that he is actually innocent of the 18 U.S.C. § 922(g) offense for which he was sentenced in 2018. For the following reasons, the court concludes that the pleadings are properly construed as a successive motion to vacate under 28 U.S.C. § 2255. Because Hayth has not obtained prefiling authorization from the United States Court of Appeals for the Fourth Circuit, the court **DISMISSES** the motion without prejudice for lack of jurisdiction.

### Background

In May 2017, Hayth pleaded guilty to conspiring to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 846; carrying an explosive during the commission of a felony, in violation of 18 U.S.C. § 844(h); and possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g). The court subsequently sentenced Hayth to a total term of imprisonment of 90 months.

In November 2020, Hayth filed his first § 2255 motion, in which he asserted claims of actual innocence and ineffective assistance related to his § 922(g) conviction. The motion was

dismissed as untimely on January 4, 2021. See United States v. Hayth, No. 7:16-cr-00057, 2021 WL 24780, 2021 U.S. Dist. LEXIS 1172, at *1 (W.D. Va. Jan. 4, 2021).

In his new pleadings, Hayth again asserts that he is actually innocent of the § 922(g) offense with which he was charged. See ECF No. 312 at 1 (alleging that the guns were "not his and he can prove it"); see also id. at 6–7 (same).

## Discussion

In most cases, 28 U.S.C. § 2255 provides the exclusive means for a federal inmate to challenge a conviction or sentence. Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010) (citing In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc)). A federal inmate may file a second or successive § 2255 motion only if he is authorized to do so by the appropriate court of appeals. Young v. Antonelli, 982 F.3d 914, 917 (4th Cir. 2020) (citing 28 U.S.C. § 2255(h)). "[O]btaining that authorization requires a prima facie showing of 'newly discovered evidence, that if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.'" Id. (quoting 28 U.S.C. § 2255(h)). In the absence of prefiling authorization, the district court lacks jurisdiction to consider a successive § 2255 motion. United States v. Winestock, 340 F.3d 200, 205–06 (4th Cir. 2003); 28 U.S.C. § 2244(b)(3).

As indicated above, Hayth previously filed a § 2255 motion that was dismissed as untimely. The dismissal of an initial § 2255 motion as untimely "renders successive any future § 2255 motions challenging the same conviction or sentence." Stapleton v. United States, 392

F. Supp. 2d 754, 756 (W.D. Va. 2005); see also In re Rains, 659 F.3d 1274, 1275 (10th Cir. 2011) ("The dismissal of [the] first habeas petition as time-barred was a decision on the merits, and any later habeas petition challenging the same conviction is second or successive . . . .") (collecting cases). Because Hayth's new pleadings challenge the validity of his § 922(g) conviction, they are properly construed as a successive § 2255 motion. See United States v. Burgess, 851 F. App'x 412, 413 (4th Cir. 2021) (holding that a motion filed by a federal inmate "should have been construed as a successive § 2255 motion" since it "challenged the validity of his convictions") (citing Gonzalez v Crosby, 545 U.S. 524, 531–32 (2005); United States v. McRae, 793 F.3d 392, 397–99) (4th Cir. 2015)).

This court may not consider a successive § 2255 motion without prior authorization from the Fourth Circuit that the motion meets certain criteria. See 28 U.S.C. § 2255(h). Hayth has not submitted any evidence of having obtained the requisite authorization from the Fourth Circuit. Therefore, the court will summarily dismiss Hayth's motion without prejudice.

## Conclusion

For the reasons stated, the court concludes that Hayth's pleadings challenging the validity of his § 922(g) conviction are properly construed as a successive § 2255 motion. Because the record contains no indication that Hayth has obtained the required authorization from the Fourth Circuit, the motion will be dismissed without prejudice for lack of jurisdiction. An appropriate order will be entered.

Entered: November 8, 2022

Digitally signed by Michael F. Urbanski    Chief U.S. District Judge
Date: 2022.11.08 10:26:07 -05'00'

Michael F. Urbanski
Chief United States District Judge